**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARK JOHN,

Plaintiff,

v. 1:25-cv-01181 (AMN/PJE)

NEW YORK STATE POLICE, JOSHUA KEAN; MICHAEL LENAGHEN, ALEXANDER CHONSKI, JOHN DOES 1-10,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**LAW OFFICE OF DANIEL R. SMALLS, PLLC** **DANIEL ROMEO SMALLS, ESQ.**
240 State Street – Suite 4
Schenectady, NY 12305

**MILLS LAW GROUP PLLC** **JASPER LEE MILLS, III, ESQ.**
240 State Street – Suite 4
Schenectady, New York 12305
*Attorneys for Plaintiff*

**NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL** **PETER A. MCDANIEL, ESQ.**
The Capitol
Albany, New York 12224
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On August 27, 2025, plaintiff Mark John ("Plaintiff") commenced this action against the New York State Police ("State Police"), Joshua Kean, Michael Lenaghen, Alexander Chonski, and unknown John Does ("Officer Defendants") (together with the State Police, "Defendants")

bringing claims pursuant to 42 U.S.C. § 1983 and New York state law arising out of the Officer Defendants' actions during a wellness check at Plaintiff's residence. Dkt. No. 1. On September 8, 2025, Plaintiff filed an amended complaint as of right. Dkt. No. 6 ("Amended Complaint").

Presently before the Court is Defendants' motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. Dkt. No. 13 (the "Motion"). In lieu of opposing the Motion, Plaintiff filed a motion for leave to amend the Amended Complaint. Dkt. No. 16 ("Cross-Motion"). Defendants opposed Plaintiff's Cross-Motion for leave to amend. Dkt. No. 17.

For the reasons that follow, the Court grants Defendants' Motion and denies Plaintiff's Cross-Motion.

## II. BACKGROUND

### A. Plaintiff's Factual Allegations

Plaintiff alleges that on the evening of May 21, 2024, and extending into the morning of May 22, 2024, the Officer Defendants entered his residence through a dining room window without a warrant while Plaintiff was asleep. Dkt. No. 6 at ¶ 10. He alleges that when he woke up, he saw Defendants in his home with guns drawn. *Id.* at ¶ 12. Plaintiff alleges that after the Officer Defendants told him that they were there for a welfare check, he stated "that he was fine and in good health," but the Officer Defendants "told him that it did not matter and that they were going to take him."[1] *Id.* at ¶ 12. Plaintiff alleges that the Officer Defendants then rushed into his room, slammed his face into the bed post, and punched, kicked, and kneed his body and face. *Id* at ¶¶ 13-14. Plaintiff further alleges that the Officer Defendants tore his bicep and rotator cuff

[1] Plaintiff does not provide further allegations regarding whether Defendants stated why they were conducting a welfare check or where they intended to take him.

during the incident. *Id* at ¶ 13. Afterwards, Plaintiff asserts that the Officer Defendants handcuffed him, placed him in a police car, then brought him to the psychiatric ward at Ellis Hospital. *Id.* at ¶ 16.

At Ellis Hospital, Plaintiff asserts that mental health professionals determined that he was not a risk of harm to himself or anyone else and quickly released him without a mental health diagnosis. *Id.* After his release, Plaintiff alleges that he called the investigator who had detained him and stated his intention to file a civil lawsuit. *Id*. at ¶ 17. Plaintiff asserts that "sometime after the call," the Officer Defendants followed Plaintiff's vehicle while Plaintiff was driving home and conducted a traffic stop. *Id.* At that traffic stop, the Officer Defendants stated that Plaintiff was under arrest for felony assault based on his purported resistance during the earlier wellness check. *Id.* Plaintiff alleges that the Officer Defendants then "ripped Plaintiff from his vehicle" by grabbing him by his previously injured shoulder. *Id.* at ¶ 18.

After his arrest, Plaintiff alleges that the Officer Defendants arraigned him on charges of felony assault and resisting arrest. *Id.* at ¶ 19 Plaintiff then spent several hours in Saratoga County Jail before he posted bail. *Id.* The charges were ultimately dismissed on October 20, 2024. *Id.* at ¶ 21. Plaintiff contends that he has been diagnosed with "multiple physical and mental health injuries as a result of his encounter[s] with the Officer Defendants." *Id.* at ¶ 22.

**B. Plaintiff's Claims**

Plaintiff asserts eight causes of action against Defendants. Pursuant to 42 U.S.C. § 1983, Plaintiff alleges: (1) unlawful seizure, *id.* at ¶¶ 23-25; (2) excessive force, *id.* at ¶¶ 26-29; (3) false arrest, *id.* at ¶¶ 30-35; (4) false imprisonment, *id.* at ¶¶ 36-40; (5) assault, *id.* at ¶¶ 41-45; and (6) malicious prosecution, *id.* at ¶¶ 52-55. Pursuant to New York state law, Plaintiff alleges battery,

*id.* at ¶¶ 46-51, and intentional infliction of emotional distress, *id.* at ¶¶ 56-60. The Amended Complaint appears to allege each claim against each Defendant. *See generally id.*

On September 17, 2025, Plaintiff filed affirmations of service of the summons and Amended Complaint, stating that service upon each defendant was received by a "Trooper Higgins" at New York State Police Troop G headquarters. *See* Dkt. No. 11.

**1. Defendants' Motion**

On January 12, 2026, Defendants moved to dismiss the Amended Complaint. Dkt. No. 13. First, Defendants argue that this Court lacks subject matter jurisdiction because the State Police and the Officer Defendants, sued in their official capacities, are entitled to sovereign immunity under the Eleventh Amendment. *Id.* at 5-6.[2] Second, Defendants argue that service of process was defective as to the Officer Defendants to the extent that the Amended Complaint sued them in their individual capacities. *Id.* at 7. Third, Defendants contend that Plaintiff's state law battery and intentional infliction of emotion distress claims are time-barred. *Id.* at 8. And fourth, Defendants also argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* at 8-9.

**2. Plaintiff's Cross-Motion**

On January 28, 2026, Plaintiff moved for leave to file a second amended complaint. *See* Dkt. No. 16. Plaintiff attached a signed copy of the proposed second amended complaint along with a summary that lists the proposed changes: (1) withdrawing the state law causes of action and repleading battery under Section 1983; (2) adding causes of action pursuant to Section 1983 for failure to intervene and for violation of Plaintiff's First Amendment rights; (3) removing the State

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

of New York as a defendant;[3] and (4) amending the caption to state that the Officer Defendants are sued in both their individual and official capacities. *See id.*[4]

Defendants oppose Plaintiff's motion for leave to amend, arguing that Plaintiff's proposed amendments fail to cure the deficiencies raised in the Motion. Dkt. No. 17. Specifically, Defendants argue that Plaintiff's failure to properly and timely serve the Officer Defendants in their individual capacities demonstrates a blatant disregard for Rule 4 and thus warrants the denial of another opportunity to effect service. *Id.* at 9-10. Defendants also argue that Plaintiff's motion for leave to amend fails to comply with Local Rule 15.1(a) because Plaintiff's proposed second amended complaint "is signed, is not redlined and does not identify the proposed insertions and deletions of language nor the amendments intended through either the inclusion of a redline copy or strikeouts." *Id.* at 11. Finally, Defendants reiterate that both the State Police and the Officer Defendants are immune from claims for damages against them in their official capacities, and also note that merely adding language to the caption of the proposed second amended complaint stating that the Officer Defendants are sued in their official *and* individual capacities fails to adequately plead claims against the Officer Defendants in their individual capacities. *Id.* at 12-13.

---

[3] The Amended Complaint does not name the State of New York as a defendant, and Plaintiff does not address this discrepancy in the proposed second amended complaint nor in his briefing. *See generally* Dkt. Nos. 16, 18. In their opposition to Plaintiff's motion for leave to amend, Defendants construe this proposal as withdrawing the claim against the New York State Police. Dkt. No. 17 at 12.

[4] On September 2, 2025, the Court struck the summons issued as to the unknown John Does and instructed that Plaintiff take reasonable steps to ascertain their identities before adding them via an amended pleading. Dkt. No. 5. Plaintiff's subsequent submissions fail to indicate that any such steps were taken. *See generally* Dkt. Nos. 6, 16, 18.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183, 187 (N.D.N.Y. 2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)). "Rule 12(b)(1) is the proper vehicle to raise justiciability . . . as well as Eleventh Amendment immunity." *New York State Rifle & Pistol Ass'n, Inc. v. James*, No. 1:22-CV-907, 2025 WL 553423, at *2 (N.D.N.Y. Feb. 18, 2025) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (4th ed.)).

To resolve such a motion, a court "need not accept as true contested jurisdictional allegations." *deBroize v. New York State*, No. 99-CV-0904, 2001 WL 1217192, at *2 (N.D.N.Y. Sept. 21, 2001). Thus, a court considering contested jurisdictional facts under Rule 12(b)(1) may refer to evidence outside the pleadings. *Id.* (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir.2000). The plaintiff bears the burden of demonstrating that there is subject matter jurisdiction by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

### B. Rule 12(b)(4)

A motion to dismiss pursuant to Rule 12(b)(4) "concerns the form of the process rather than the manner or method of its service." *Jackson v. City of New York*, No. 14-CV-5755, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (*citing* 5B Charles Alan Wright & Arther R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). As such, defendants bringing such a motion

must raise noncompliance with either "the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id.*

**C. Rule 12(b)(5)**

Under Rule 12(b)(5), "a defendant may move to dismiss a pleading for insufficient service of process." *See DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. App'x. 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). To determine whether service of process was sufficient, courts look to materials outside the pleadings "to determine what steps, if any, the plaintiff took to effect service." *Flemming v. Moulton*, No. 13-cv-1324, 2015 WL 5147035, at *4 (N.D.N.Y. Sept. 1, 2015) (citations omitted). If the Court determines that service was insufficient, the court may dismiss the action, or in the alternative, grant leave to allow the plaintiff to cure the insufficiency. *See Muhammad v. Price Chopper Corp.*, No. 24-cv-291, 2025 WL 460836, at *2 (N.D.N.Y. Feb. 11, 2025) (citation omitted).

**D. Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course "no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). But a court may properly deny a motion to amend where amendment would be futile. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987). When assessing futility, the court employs a standard

comparable to that utilized in assessing a motion to dismiss under Rule 12(b)(6). *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (observing that "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss").

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

As an initial matter, Defendants argue that the State Police are immune from suit under Section 1983 because they are an agency of the State of New York. Dkt. No. 13-1 at 10. Similarly, because suits against governmental employees in their official capacities are treated as claims against the municipality, Defendants assert that Plaintiff's claims against the Officer Defendants in their official capacities should also be dismissed. *Id.* at 11.

"As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted). And, because a claim against a state official working in his official capacity constitutes a claim against the state, such claims also fall under Eleventh Amendment immunity. *See Morris v. New York State Police*, 268 F. Supp. 3d 342, 359 (N.D.N.Y. 2017) (citing *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 406 (E.D.N.Y. 2010)). "Given that Section 1983 did not abrogate States' sovereign immunity, federal courts lack subject matter jurisdiction to consider Section 1983 claims for damages against [the states, their agencies, and their officials acting in their official capacities]." *Daly v. Town of DeWitt*, No. 6:18-CV-845, 2019 WL 4170162, at *3 (N.D.N.Y. Sept. 2, 2019)). However, as articulated by the Supreme Court in *Ex parte Young*, private individuals may sue state officials in their official capacities for prospective injunctive relief when such officials threaten or continue an unconstitutional act. *New York State Rifle &*

*Pistol Ass'n, Inc. v. James*, 2025 WL 553423, at *2-3 (citing, *inter alia*, *Ex parte Young*, 209 U.S. 123, 155-56 (1908)).

Here, "New York State is immune from suit pursuant to [Section 1983] seeking either legal or equitable relief, under the Eleventh Amendment." *Lettieri v. New York State Troopers*, No. 3:23-CV-1547, 2025 WL 2855157, at *4 (N.D.N.Y. Oct. 8, 2025), *report and recommendation adopted sub nom. Lettieri v. New York State Police*, No. 3:23-CV-1547, 2026 WL 1470962 (N.D.N.Y. May 26, 2026) (citations omitted). And that immunity "extends to the New York State Police as an agency of the State of New York." *Id.* (citations omitted). As to the Officer Defendants, Plaintiff appears to sue them only for damages, *see* Dkt. No. 6 at ¶¶ 6-9, 24, 27, 31, 57, and does not otherwise allege facts or bring claims seeking prospective injunctive relief within the *Ex parte Young* exception, *see generally id.* Thus, the Court finds that Plaintiff's claims against the Officer Defendants in their official capacities are barred by the Eleventh Amendment. *Morris*, 268 F. Supp. 3d at 359.

Accordingly, the Court dismisses each of Plaintiff's Section 1983 claims against Defendants for lack of subject matter jurisdiction.

**B. Supplemental Jurisdiction**

Given that Plaintiff's federal claims are dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims for battery and intentional infliction of emotional distress. *See* Dkt. No. 6 at ¶¶ 46-51, 56-60; *Torres v. Faxton St. Lukes Healthcare*, No. 16-cv-439, 2017 WL 11317906, at *4 (N.D.N.Y. Jan. 26, 2017) ("[T]he strong preference in this Circuit is for district courts to decline to exercise supplemental jurisdiction under § 1367(c)(3) when all of the federal claims are dismissed from the suit prior to trial."). The Court therefore

does not reach Defendant's alternative arguments as to service of process and the statute of limitations. *See* Dkt. No. 13-1 at 12-13.

Moreover, "New York State has not consented to being sued in federal court for, nor has Congress abrogated state sovereign immunity from, 'claims arising under state common law.'" *Id.* at 360 (quoting *Soloviev v. Goldstein*, 104 F.Supp.3d 232, 244 (E.D.N.Y. 2015) (collecting cases)); *cf. Daly*, 2019 WL 4170162, at *4 ("With respect to state law claims for damages, 'New York has waived its immunity from liability and consented to be sued only to the extent that claims are brought in the New York Court of Claims.'") (quoting *Gross v. New York*, 428 F. App'x 52, 53 (2d Cir. 2011)). Here, pursuant to state common law, Plaintiff seeks damages for battery and intentional infliction of emotion distress against Defendants in their official capacities, *see* Dkt. No. 6 at ¶¶ 6-9, 46-51, 56-60, and does not seek prospective injunctive relief, *see generally* Dkt. No. 6. Thus, Plaintiff's state law claims would also be barred under Eleventh Amendment immunity and accordingly subject to dismissal.

**C. Plaintiff's Cross-Motion and Proposed Second Amended Complaint**

"While, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, 'leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend . . . for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)). "Failure to meet the requirements of the Local Rules is an independent ground on which to deny a motion to amend." *Murphy v. Onondaga Cnty.*, No. 5:18-cv-1218, 2022 WL 819281, at *5 (N.D.N.Y. Mar. 18, 2022) (quoting *Cottone v. Does*, No. 117-cv-1006, 2018 WL 2021513, at *4 (N.D.N.Y. Apr. 30, 2018)) (brackets omitted).

After reviewing Plaintiff's proposed second amended complaint, the Court declines to grant leave to amend. First, Plaintiff's submission fails to comply with Local Rule 15.1(a). The proposed second amended complaint is signed instead of unsigned and does not "set forth specifically the proposed insertions and deletions of language" via a "redline/strikeout version of the pleading sought to be amended[.]" *See* Dkt. No. 16 at 5-19. Plaintiff argues that his submission is compliant because Local Rule 15.1(a) provides that the proposed pleading may indicate proposed changes "through other equivalent means," N.D.N.Y. L.R. 15.1(a), and "the motion submitted by [ ] Plaintiff clearly outlines, lists and describes, within the body of the motion, the proposed changes[,]" Dkt. No. 18 at 4-5. However, a summary description of proposed changes does not enable the Court to "readily examine the proposed amend[ments]" in satisfaction of the purpose of Local Rule 15.1(a). *Kingsley v. Cornell Univ.*, No. 3:21-cv-1149, 2022 WL 20726193, at *2 (N.D.N.Y. Oct. 17, 2022) (denying leave to amend where the proposed amended complaint indicated some proposed changes via bold and underlined text, but also applied bold and underlined text to unchanged text and failed to indicate some proposed changes entirely). Rather, the Court must, as it has done here, manually cross-reference the summary in the body of the Cross-Motion against both the operative Amended Complaint and the proposed second amended complaint to ascertain the specific changes to the complaint's language as well as their exact scope and effect. That, as exemplified by Plaintiff's submission, does not constitute "other equivalent means" under Local Rule 15.1(a).

Second, and more importantly, the Court finds that the proposed second amended complaint fails to cure the deficiencies in the Amended Complaint. Plaintiff asserts that the proposed second amended complaint clarifies "that the defendant officers are being sued in both their official and individual capacities" by "including in the caption that the listed defendant

officers are being sued in both their individual an[d] official capacities." Dkt. No. 16 at 2. The substance of the proposed second amended complaint, however, belies that formalistic assertion. Mirroring the operative Amended Complaint, the proposed second amended complaint alleges that each of the Officer Defendants "was acting within the scope of his authority at all times material to the averments in the complaint." *Id.* at pp. 6-7 ¶¶ 6-9. Furthermore, the proposed second amended complaint reiterates multiple times that Defendants acted "within the scope of their employment and in furtherance of the business interest of their employer." *Id.* at p. 9 ¶ 25, p. 10 ¶ 18, p. 11 ¶ 32, p. 13 ¶ 43, p. 15 ¶ 52. At no other point does the proposed second amended complaint indicate that it is suing the Officer Defendants in their individual capacities or allege that the Officer Defendants acted outside the scope of their official capacities as employees of an agency of the state. Simply put, Plaintiff cannot avoid dismissal by merely proposing to amend the caption in a manner unsupported, and in fact contradicted, by the allegations in both the existing pleading and the proposed pleading. Thus, the Court denies Plaintiff's Cross-Motion for leave to amend.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion to dismiss, Dkt. No. 13, be **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 6, be **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's Cross-Motion for leave to amend, Dkt. No. 16, be **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 15, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge